Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1157 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Charles E. Jones vs. Local 705 International etc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 30 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| AMM | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

00-1157.021-JCD                                              April 25, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHARLES E. JONES, Executor of       )
the Estate of Anna Brown Smith,     )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   No. 00 C 1157
                                    )
LOCAL 705 INTERNATIONAL             )
BROTHERHOOD OF TEAMSTERS            )
PENSION FUND,                       )
                                    )
        Defendant.                  )

## MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment. For the following reasons, the motion is granted.

### BACKGROUND

Plaintiff Charles E. Jones, executor of the estate of Anna Brown Smith, brought this action against defendant Local 705 International Brotherhood of Teamsters Pension Fund (the "Local 705 Fund" or the "Fund"). Plaintiff seeks the unpaid interest on pension benefits that were owing to Mrs. Smith's deceased husband, Benton Smith.

The following facts are undisputed. Benton Smith was a participant in the Coal Drivers, Helpers and Handlers Pension Fund, which merged with the Local 705 Fund sometime prior to November 23, 1976. On November 23, 1976, Mr. Smith filed a pension application



with the Fund which stated that he was born on January 19, 1911. The Fund required pension applicants to submit proof of age in certain forms, such as birth certificates. In early January 1977, Mr. Smith submitted an affidavit to the fund attesting to his birth date because he had no birth certificate. Mr. Smith stated that he was unaware of anyone who was familiar with his birth who could attest to the date.

The fund would not accept Mr. Smith's affidavit as proof of his age.[1] On January 13, 1977, the Fund sent a letter to Mr. Smith listing acceptable proof-of-age documents. At that time, in lieu of a birth or baptismal certificate, the Fund would accept two of the following documents: a life insurance policy that was at least five years old, a school age record, a confirmation record, a certificate of army record, an affidavit of an older relative attesting to the applicant's age, or a document from any organization showing the applicant's age at the time of joining. It is not clear whether Mr. Smith had any such documents, but in any event, he evidently did not submit anything more at that time.[2]

In 1981, Mr. Smith submitted a Cook County Homestead Exemption Application and a Chicago Vehicle Registration Renewal to the Fund,

---

[1] At that time, the Fund had information on file from the union, in the form of a "Record of Member's Hours Worked," that Mr. Smith was born in 1915. This document was not one that had been written by Mr. Smith.

[2] Plaintiff has submitted no evidence showing that Mr. Smith did not have or was not able to obtain any of these documents, or that he so informed the Fund.

both of which showed his year of birth as 1911. Apparently, the Fund did not accept these documents as proof of age (the parties do not address whether or how the Fund responded).

In June 1987, the Fund revised its proof of age policy and acceptable proofs list. The policy stated that an offical birth certificate was the preferred proof of age; in lieu of a birth certificate, the Fund would accept documents such as a baptismal certificate or a census bureau notification of birth registration, or two of the following documents: naturalization record, immigration papers, military records, passports, certfied school records, a life insurance policy, a labor union record, or a marriage license or certificate.³

Some time after October 25, 1987, Mr. Smith provided the Fund with a statement from the Social Security Administration dated February 2, 1981. The statement listed Mr. Smith's date of birth as January 19, 1911. The Fund would not accept the Social Security statement. In a letter dated January 29, 1988, defendant informed Mr. Smith that the Fund could not process his claim without acceptable proof of age, and enclosed the revised list of acceptable documents. The letter stated that Mr. Smith could

---

³/ Underneath "marriage license or certificate," a notation on the acceptable proofs list was apparently added some time later: "Application for marriage license requires dates of birth. A certified copy would be acceptable as one proof of age."

appeal the decision within 60 days of the letter. Mr. Smith did not appeal.

Mr. Smith died in 1994. His wife, Anna Brown Smith, was her husband's sole heir. In June 1997, Mrs. Smith's nephew, plaintiff Charles Jones, sent a letter to the Fund requesting the pension benefits and interest on behalf of his aunt and attaching documents such as Mr. and Mrs. Smith's marriage certificate and marriage application and record.[4] (The Fund apparently disputes this date, stating that they did not receive any such correspondence from Jones until after July 12, 1997.) Mrs. Smith died in July 1997, having named Jones executor of her estate. Thereafter, the Fund accepted the marriage application and record and marriage certificate as proof of Mr. Smith's age. On December 29, 1997, the Fund determined that Ms. Smith was entitled to joint and survivor benefits from Mr. Smith's pension. In February 1998, the Fund disbursed the lump-sum pension benefit to Mr. Smith's estate in the amount of $20,657.28. The payment did not include any interest.

On October 5, 1998, on behalf of Mrs. Smith's estate, Jones appealed the decision not to pay interest on the delayed pension benefits. The Board of Trustees of the Fund denied the appeal on February 4, 1999. The Fund's policy is not to pay interest on retroactively paid pension benefits because the Pension Plan does not provide for it.

---

[4] Mr. and Mrs. Smith were married in 1967.

On October 5, 1999, plaintiff brought suit in the Southern District of Mississippi, alleging unjust enrichment on the part of the Fund and requesting the interest on benefits wrongfully withheld as equitable relief pursuant to § 502(a)(3)(B) of ERISA. In the alternative, plaintiff seeks a constructive trust on the interest.

On December 14, 1999, defendant filed a motion to dismiss or transfer in the Mississippi court. That court granted defendant's motion to transfer the case to this court on January 24, 2000. Thereafter, defendant filed a motion to dismiss, which we denied in a memorandum opinion dated September 26, 2000. Defendant now moves for summary judgment.

## **DISCUSSION**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party.'" Talanda v. KFC Nat'l Management Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

Defendant sets forth five grounds for the instant motion: (1) statute of limitations; (2) failure to exhaust administrative remedies; (3) laches; (4) lack of standing; and (5) the Fund's actions did not violate the Pension Plan or ERISA. Because the fifth ground is a straightforward, clear winner for defendant, we need not address the more complicated arguments defendant makes as to the first four grounds.

The relevant case law indicates that in order to recover interest on delayed benefits under § 502(a)(3)(B) of ERISA, the delay must have been unjustifiable or wrongful. In other words, the denial of benefits must have violated the Plan. See Clair v. Harris Trust & Sav. Bank, 190 F.3d 495, 497-98 (7th Cir. 1999) (§ 502(a)(3)(B) authorizes "suits to redress plan violations"; refers to "benefits withheld in violation of the terms of the plan"); Fotta v. Trustees of the United Mine Workers of Am., Health & Retirement Fund of 1974, 165 F.3d 209, 213 (3d Cir. 1998) (full compensation ensured by the "awarding of interest where benefits

have been <u>unjustifiably</u> delayed") (emphasis added); <u>Dunnigan v. Metropolitan Life Ins. Co.</u>, 277 F.3d 223, 229 (2d Cir. 2002) ("When benefits are paid only after the date on which the beneficiary was entitled to receive them under the terms of the plan, the beneficiary has not received the full value of what was promised and, to the same degree, the plan has realized an unjust enrichment (<u>assuming the lateness was unjustified</u>).") (emphasis added); <u>Hizer v. General Motors Corp., Allison Gas Turbine Div.</u>, 888 F. Supp. 1453, 1461 (S.D. Ind. 1995) ("[A] prevailing plaintiff is presumptively entitled to interest for a plan administrator's <u>wrongful</u> denial of benefits.") (emphasis added).

Defendant argued in its motion to dismiss that plaintiff had not alleged that the Fund committed any specific violation of the Plan or of ERISA. We held that plaintiff had alleged enough to withstand defendant's motion, but noted that the "question that survives defendant's motion is whether the facts will justify equitable relief." (Memorandum Opinion of Sept. 26, 2000, at 8.) It is undisputed that when Mr. Smith applied for his pension benefits, the Fund required him to produce certain proofs of age. Mr. Smith never provided the required proof-of-age documents. The Fund finally received acceptable proof-of-age documents for Mr. Smith in July 1997, determined that they were acceptable in December 1997, and paid Mr. Smith's estate the benefits in February 1998. These facts indicate that the Fund did not wrongfully deny

the benefits; rather, Mr. Smith did not comply with the Fund's requirement that he provide certain documents proving his age.

Plaintiff has not come forward with any evidence that defendant <u>wrongfully</u> denied Mr. Smith's benefits (and should therefore pay interest on those benefits). Rather, the evidence indicates that the denial of Mr. Smith's benefits until 1997 was in accord with the Plan's provisions. Plaintiff argues that the denial was "arbitrary and capricious," but does not provide any case law supporting his argument that we should use an "arbitrary and capricious" standard. In any event, the evidence indicates that the Fund's actions were not arbitrary and capricious; the Plan simply required proof of age in certain forms, and Mr. Smith did not provide that proof. Thus, his benefits were denied until the required proof was supplied.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

DATE:   April 25, 2002

ENTER:   _____
         John F. Grady, United States District Judge